THE CIVIL RIGHTS ACT 42 USC 1983

UNITED STATES District Court For THE District OF NEW JERSEY

CLERK U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED
2012 NOV 30 AM 11 16

To: District Court Clerk
FR: Naadir Ibrahiym Muhammad #202899 AR
Re: Amendment to 42 USC 1983, Notice of requests.

Dear Court Clerk,

Kindly accept this letter as a written request to add amendment attached to this letter to plaintiff's 42 USC 1983 civil action against the State of New Jersey et al. And to request from the Court the following material upon plaintiff's approval to proceed informa paupens. as soon as, humanly possible or as the Court permitts:

1.) please send plaintiff a pro se packet on federal rules of civil procedures of the District Court.

2) Please send Plaintiff Marshall forms for all defendents involved in this civil Matter. But However, disregard this request, if your office performs this function.

3) Plaintiff request the Court to assign/appoint counsel for representation on this civil Matter.[FN1]

Respectfully Submitted
Naadir I. Muhammad
NAADIR I. MUHAMMAD #202899

---

FN1.) THE Atlantic County Justice facility, Does Not have A LAW library with Para legal, in order to aid, help and assist housed inmates trying to Mount an effective defense, against, accusations or charges lodged against them. THE facility Only provides Westlaw "open source" library, that's ran and operated by a civilian employee.

Pg. 1 of 1

THE CIVIL RIGHTS ACT 42 USC 1983

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

# AMENDMENT

NAADIR I. MUHAMMAD
      PLAINTIFF

V.

State of NEW JERSEY,
County of Atlantic,
Atlantic City Police Dept.,
James A. Sarkos,
NEW JERSEY State Police,
Tim Witkowski, Dave Smith,
Atlantic County Prosecutor's Office,
John Santoliquido, Donna M. Fetzer,
THE LAW OFFICE OF Lee J Hughes, LLC,
Attorney Lee J Hughes,
Jane Doe, John ████ [1-10]
   Et. AL     DOE
          defendents

* * * * * * * * * * * * * *

# CIVIL ACTION NUMBER

\#

Pg. 1 of 4

THE CIVIL RIGHTS ACT 42 USC 1983

## AMENDMENT

### RELIEF SOUGHT

State briefly exactly what you want the Court to do for you. Make No legal arguements. Cite No cases or Statues.

The plaintiff asks the District court Magistrate to analyze all the actions of each defendent according to the constitutional violations plaintiff believes each defendent violated. And ascertain the truth and rule accordingly.

Plaintiff requests legal determinations/court rulings on the following constitutional Issues regarding this civil action:

1) On Jan. 25 2012, did defendents one — Three, establish probable cause existed, that Plaintiff was engaged in any criminal activity in or around his Motel room when the arrest determination was Made?

2) Was there probable cause to search plaintiff persons, Motel room and rooms contents, as search incident to arrest? (Defendents One — Three)

3) According to the "totality of circumstances" test did officers satisfy all the conditions required to Justify warrantless entry, arrest, search and seizure of plaintiff's persons, Motel room and room contents based on a informer's tip? (Defendents One — three)

4) Was there the existence of "Exigent Circumstances" that would trigger any of the warrant requirement exceptions, that would justify the immediate, warrantless, Police action? Or was the Exigent circumstances Present Police Created? (Dfents. pg 2 of 4 one — three)

# THE CIVIL RIGHTS ACT 42 USC 1983

5) Was the warrantless entry, search and seizure of plaintiff's persons, Motel room and room's contents, fruit of the police officers enforcement of their Illegal arrest determination absent of Probable Cause plus exigent Circumstances? (Defendents One - three.)

6. Was there a probable Cause determination and authorization attached to the Issuance of Complaint Warrants # 000671-000 668, Purportedly by JMc William Cuppuccio? Hence, are Complaint Warrants # 000671-000668 authorized or unauthorized? (Defendent One.)

7. Did State present "unauthorized Charges" to Grand Jury for indictment considerations? (Defendents One - four.)

8. Did assignment Judge or his designee provide Judicial Supervision during grand Jury by the State?

9. Did assignment Judge or his designee properly charge the grand Jury of their Collective duties and responsibilities as grand Jurors during the grand Jury presentment?

10. Did the State engage in prosecutorial Misconduct during grand Jury presentment? (Defendents One, four.)

11. Did Assist. Atlantic County prosecutor AID, help and induce, State's sole wittness to provide false testimony under Oath? (Defendents One, four.)

12. Did State's sole wittness, provide any "first hand" or relevant information to satisfy each element of Charges up for indictment? (Defendent One.)

13. Did State Make out a Prima facie Case on all Charges up for indictment? (Defendents One, four.)

## THE CIVIL RIGHTS ACT 42 USC 1983

14. Did the state exploit the fact that the grand Jurors were not properly charged nor supervised by a assignment Judge or his disignee? (Defendents one, four.)

15. Based on the circumstances and facts surrounding the lack of probable cause from the beginning and throughout all proceedings. Is the prosecutor currently engaged in malicious prosecution? (Defendent five.)

16. Based on the circumstances and facts surrounding this case, has my Court appointed Counsel rendered his counsel ineffective for my defense? (Defendent six.)

■ If your Magistrate concludes that based upon the "totality of circumstances" surrounding my arrest, search and seizure. To the issuance of complaint warrants and subsequent indictments and current Prosecution and pretrial detention of Plaintiff. (See summary argument on 1983.) Also see Ex. A - G

■ That my constitutional rights and safegards were violated by all defendents contained herein. I ask your Magistrate to hold all those liable to plaintff for damages sustained. As False Arrest / False Imprisonment. In violation of plaintiff's IV, V, VI And XIV Amendment rights And Safegards. Requested and Submitted by

*Naadir Ibrahiym Muhammad*
NAADIR IBRAHIYM MUHAMMAD

Naadir Ibrahiym Muhammad #202899
A.C.J.F
5060 Atlantic Ave.           Superior Court of New Jersey
Mayslanding, NJ
08330                        Criminal Action

Law Division - Atlantic County
State of New Jersey
                PlaintiFF    Indictment No#
        v                    12-03-00640B
Naadir Ibrahiym Muhammad
        DEFENdent

                    Notice of motion to
                    Proceed as a Pro se litigant,
                    Under a state of Duress. Due
                    to ineffective assistence of
                    Counsel.

   Please be advised, this defendent asserts that his state and federal rights to have the assistence of counsel for his (Legal) defense has been infringed upon, by attorney Lee J. Hughes's malicious and flagrant inaction, contrary to : N.J.S.A. Art I §10; U.S.C.A Amend VI. As wellAs, for his various rules of Professional Conduct violations (RPC) such as, 1.3 Dilligence, 1.4 Communication (B)(C), 1.1 Competence; 8.4 misconduct (A)(B),(C) and 1.2 Scope of representation and allocation of authority between client and lawyer.
   This attorney Lee J. Hughes has and is currently engaged in malicious, Practical negligence in all Pretrial motions (Eg Suppression of evidence based upon fruit of the Poisonous tree doctrine; Quash of indictment Due to Perjury, Prosecutorial misconduct and the absence of a Prima facie case being made out, furnishing additional Discovery request from client).

                    Pg 1 oF 5

Due to the aforementioned Constitutional and Professional violations committed by Lee J Hughes ESQ,

This attorney's misconduct and malicious inaction has rendered his current representation of all legal matters and issues of this defendant ineffective, <u>Because, as a legal matter, ineffective assistence of counsel is equivalent to **NO** counsel at all</u>.

In conclusion, This attorney's action/inaction has severely injured and prejudiced defendent's effort to mount a effective defense and leaves defendent no other recourse but to proceed as a Pro se litigant, under a state of duress due to ineffective counsel. THE Constitution of the United States of America, Protects and ensures to it's citizens that, In A "FAIR System" Victory should go to A party who has the better case, Not the better representation.

So, Please accept this <u>Pro se letter brief</u>, In Lieu of A more formal brief submitted by Professional counsel because, none exist.

## PRO SE STANDARD OF REVIEW

Because Plaintiff is <u>Pro Se</u>, the court has a higher higher standard and [See FN 1], makes this point clear and states: A court faced with a motion to dismiss a <u>Pro se</u> complaint must read the complaints allegations expansively, [See FN-2], and take them as true for purposes of deciding whether they state a claim. [See FN-3]

<u>Pro se litigants' court submissions are to be construed liberally and held to less stringent standards than submissions of lawyers</u>. If the court can reasonably read the submissions, It should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with rule requirements. [*FN-4]

pg 2 of 15

( holding Pro se Petition cannot be held to same standard as pleadings drafted by attorneys); [see*FN-5]

The Courts provide Pro se Parties wide latitude constituting (correction) construing their pleadings and papers. When interpreting Pro se Papers, the court should use common to determine what relief the party desires [*see FN 6]

( Court has special obligation to construe Pro se litigants' pleadings liberally ) [see*FN 7]

Defendent has the right to submit pro se briefs on appeal, even though they may be inartfully drawn but the court can reasonably read and understand them. [see*FN 8]

Courts will go to particular pains to Protect Pro se litigants against consequences of technical errors if injustice would otherwise result [see*FN-9]

Moreover, " the court is under a duty to examine the complaint to determine if the allegations provide for relief on any possible theory" [see*FN-10] [Plaintiff's Bold and Italic Print]. Thus, if this court were to entertain any motion to dismiss this court would have to apply the standard of White v. Bloom. Furthermore, If there is any possible theory that would entitle the Plaintiff to relief, even one the Plaintiff hasn't thought of, the court cannot dismiss the case.

If a Pro se litigant is facing a motion to dismiss or some other ruling because of a "technicality" or because of some "real" or "imagined" "Flaw" alledgedly found in The Pro se litigant's Complaint, The Pro se litigant is not without hope.

There are four more additional decisions which offer the Plaintiff considerable Protection. In your (Pro se) opposition as a (Pro se) Plaintiff to such motions, you ( the Pro se-litigant) well to cite the below cases:

See*FN-12 > where the Plaintiff's civil rights was 150 pages and described by a federal Judge as "inept" Nevertheless, it was held: where a Plaintiff Pleads Pro se in a Suit for Protection of civil rights, the Court should endeavor to construe Plaintiff's Pleading without regard to technicalities.

See*FN-13 > It was held that in a motion to dismiss, the material alledgations of the complaint are taken as admitted
From this vantage point, Courts are reluctant to dismiss complaint unless it appears the Plaintiff can Prove no set of facts in support of his claim which would Entitle him to relief [See*FN-14]

In [See*FN-15], it was held that a Pro se complaint requires a less stringent reading than one drafted by a lawyer [See FN-15].

Justice Black is reported to have said, "The Federal Rules rejects the approach that Pleading is a game of skill, in which, one misstep by counsel may be decisive to the outcome and accept the Principle that the purpose of pleading is to facilitate a proper decision on the merits." [See*FN-16]

It could also be argued that to dismiss a civil rights action or other lawsuit in which a serious factual Pattern or allegation of a cause of action has been made would itself be violative of Procedural due Process as it would deprive a Pro se litigant of equal protection of the law visa vis a Party who is represented by counsel.

Defendent/Plaintiff sincerely request that your Migistrate construe My argument liberally and based on the Merits of the same. Pg. 4 of 5

# FEDERAL DECISIONS Supporting PROSE LITIGANTS

## CASELINES

1.) *FN-1 > White v. Bloom, 621 F.2d 276; *FN-2 > Haines v. Kerner, 404 U.S. 519, 520-521, 92 S.Ct. 594, 596, 30 L.ED. 2D 652 (1972).

2. *FN-3 > Cruz v. Beto, 405 U.S. 319, 322, 92 S.Ct. 1079, 1081, 31 L.ED. 2D 263 (1972); *FN-4 > Boag v. macDougal, 454 U.S. 364, 102 S.Ct. 700, 70 L.ED. 2d 551 (1982); Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.ED. 2d 251 (1976) (Quoting Conley v. Gibson, 355

3. U.S. 41, 45-46, 78 S.Ct. 99, 2 L.ED 2d 80 (1957); Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.ED. 2d. 652 (1972); McDowell v. Delaware State Police, 88 F.3d. 188, 189 (3rd Cir. 1996); United States v. Day, 969 F 2d 39, 42 (3rd Cir 1992).

4 *FN-5 > Then v. I.N.S., 58 F. Supp. 2d 422, 429 (D.N.J. 1999); *FN-6 > S.E.C. v. Elliot, 953 F.2d 1560, 1582 (11th Circuit 1992). See also, United States v. Miller, 197 F. 3D 644, 648 (3rd. Cir. 1999) *FN-7 Poling v. K. Hovnanian Enterprises, 99 F. Supp. 2d 502, 506-507 (DNJ 2000). *FN-8 > Vega v. Johnson, 149 F.3d 354 (5th Cir. 1998). FN-9 > U.S. v. Sanchez, 88 F.3d. 1243 (D.C. Cir. 1996). *FN-10 > Bonner v. Circuit Court of St. Louis, 5.26 F.2d 1331, 1334 (8th Cir. 1975) (quoting Bramlet v. Wilson, 495 F 2d. 714, 716 (8th 1974); *FN-11 > See White v. Bloom. *FN-14 > Picking v. Pennsylvania Railway, (151 F 2d 240) 3d. Circuit Court of appeals. FN-15 > Walter Process Equipment v. Food Machinery 382 U.S. 172 (1965); See Conley v. Gibson, 355 U.S. 41 (1957) *FN-16 > Puckett v. Cox (456 F.2d. 233 (1972 Sixth Circuit USCA); Conley v. Gibson. 355 US 41 at 48 (1957.) FRCP rule 8(F);

## END OF DOCUMENT

Pg 5 of 5



United States District Court Clerk
1 John F. Gerry Plaza Rm 1050
PO Box 2797
Camden, N.J. 08101