*NOT FOR PUBLICATION*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

NAADIR I. MUHAMMAD,

    Plaintiff,

v.

STATE OF NEW JERSEY, et al.,

    Defendants.

Civil Action No. 12-7206 (RBK)

**OPINION**

**APPEARANCES:**

**NAADIR I. MUHAMMAD**, Plaintiff pro se
202899
Atlantic County Justice Facility
5060 Atlantic Avenue
Mays Landing, N.J. 08330

**KUGLER**, District Judge:

  Plaintiff Naadir Muhammad ("Plaintiff") seeks to bring this action *in forma pauperis*. Based on his affidavit of indigence, the Court will grant Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the complaint.

  At this time, the Court must review the complaint, pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the complaint should proceed in part at this time.

## I. BACKGROUND

Plaintiff brings this civil rights action, pursuant to 42 U.S.C. § 1983, against Defendants State of New Jersey, County of Atlantic, Atlantic City Police Department, James A. Sarkos, New Jersey State Police, Tim Witkowski, Dave Smith, Atlantic County Prosecutors' Office, John Santoliquido, Donna M. Fetzer, The Law Office of Lee J. Hughes, LLC, Attorney Lee Hughes, Jane Doe and John Doe (collectively, "Defendants.")[1] The following factual allegations are taken from the complaint, and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

On January 25, 2012, Defendants Sarkos, Witkowski, Smith and John and Jane Does conducted an unlawful search of Plaintiff's room at the Sunset Inn in Atlantic City, New Jersey. (Compl. 3.) Plaintiff alleges that the officers did not have a warrant, exigent circumstances did not exist, and there was no probable cause. (*Id.*) Though the complaint acknowledges that a warrant issued by Defendant Sarkos five days after the arrest states that there was telephonic probable cause which was authorized by JMC William Cuppuccio, Plaintiff argues that JMC Cappuccio never signed said document. (*Id.* at 4.) In addition, Plaintiff alleges that, though he was arrested in his room for an "NCIC hit" for unpaid child support, Defendant Sarkos was not even aware of the "hit" until after the officers had already entered and searched his room. (Compl., Ex. C.) Therefore, according to Plaintiff, the police initially entered the room without any warrant. (*Id.*)

Plaintiff alleges that on March 14, 2012, Assistant Atlantic County Prosecutor

---

[1] Plaintiff does not allege any claims against Defendants State of New Jersey, County of Atlantic, Atlantic City Police Department, New Jersey State Police, Atlantic County Prosecutors' Office or The Law Office of Lee J. Hughes, LLC. As such, all these defendants will be dismissed without prejudice.

2

Santoliquido and Prosecutor Fetzer secured an indictment on all charges against Plaintiff based on unauthorized complaint warrants and without probable cause. (Compl. 9-11.) Plaintiff alleges that his private attorney, Defendant Hughes, has been "negligent" and "ineffective" in his representation of Plaintiff. (Compl. 13.)

Plaintiff is seeking "to be released immediately" and monetary damages.[2]

## II. DISCUSSION

### A. Legal Standard

#### 1. Standards for a *Sua Sponte* Dismissal

The Prison Litigation Reform Act, Pub.L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because Plaintiff is proceeding as an indigent and is a prisoner.

The Supreme Court refined the standard for summary dismissal of a complaint that fails to

---

[2] "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus." *Muhammad v. Close*, 540 U.S. 749, 750, 124 S.Ct. 1303, 158 L.Ed.2d 32 (2004)(citing *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)). Accordingly, to the extent that Plaintiff asks this Court to "release him," he is seeking relief that is only available in a habeas proceeding. *See Williams v. Sec'y Pa. Dep't of Corr.*, 459 F. App'x 87, 89 (3d Cir. 2012) (reasoning a civil rights action is not appropriate if a finding in the prisoner's favor would "alter his sentence or undo his conviction"); *Duran v. Weeks*, 399 F. App'x 756, 759 (3d Cir. 2010)("[T]o the extent that [plaintiff] is seeking dismissal of the charges against him as a result of constitutional violations, he is essentially asking for relief only available through habeas corpus.").

3

state a claim in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2). Citing its opinion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must allege "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)(citing *Iqbal*).

The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible. *See Iqbal*, 556 U.S. 677-679. *See also Twombly*, 505 U.S. at 555, & n. 3; *Bistrian v. Levi*, 696 F.3d 352 (3d Cir. 2012); *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011). "A complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Fowler*, 578 F.3d at 211 (citing *Phillips v. County of Allegheny*, 515 F.3d 224, 234-35 (3d Cir. 2008)).

2. **Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper

4

proceeding for redress....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

**B. Analysis**

**1. False Arrest/False Imprisonment**

It is well established in the Third Circuit that an arrest without probable cause is a Fourth Amendment violation actionable under § 1983. *See Walmsley v. Philadelphia*, 872 F.2d 546 (3d Cir. 1989) (citing cases); *see also, Albright v. Oliver*, 510 U.S. 266, 274, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994) (a section 1983 claim for false arrest may be based upon an individual's Fourth Amendment right to be free from unreasonable seizures). To state a Fourth Amendment claim for false arrest, a plaintiff must allege two elements: (1) that there was an arrest; and (2) that the arrest was made without probable cause. *Dowling v. City of Philadelphia*, 855 F.2d 136, 141 (3d Cir. 1988).

"Probable cause ... requires more than mere suspicion; however, it does not require that the officer have evidence to prove guilt beyond a reasonable doubt." *Orsatti v. New Jersey State Police*, 71 F.3d 480, 482–83 (3d Cir. 1995). Rather, probable cause exists when the facts and circumstances are "sufficient to warrant a prudent man in believing that the defendant had committed or was committing an offense." *Gerstein v. Pugh*, 420 U.S. 103, 111, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975) (quoting *Beck v. State of Ohio*, 379 U.S. 89, 91, 85 S.Ct. 223, 13 L.Ed.2d 142

(1964))).

"[W]here the police lack probable cause to make an arrest, the arrestee has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest." *Groman v. Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995). *See also James v. City of Wilkes-Barre*, 700 F.3d 675, 683 (3d Cir. 2012) (citing *Groman*).

Plaintiff alleges that he was arrested without probable cause and without a warrant. He specifically states that at the time that the police entered his room and conducted their search, they had no basis for his arrest because they were not yet aware of his outstanding child support warrant. At this early juncture, Plaintiff has alleged sufficient facts to allow the false arrest and false imprisonment claims to proceed past *sua sponte* screening as against Defendants Sarkos, Witkowski, Smith and Does.[3]

## 2. Claims Against the Prosecutors

A constitutional claim for malicious prosecution in the Third Circuit requires a plaintiff to establish five elements: (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *Kossler v. Crisanti*, 564 F.3d 181, 186 (3d Cir. 2009) (citing *Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003)). *See also Johnson v. Knorr*, 477

---

[3] Although the Complaint states a claim sufficient to avoid dismissal at this time, the Court is mindful that Plaintiff's criminal case is still ongoing and that the action may need to be stayed, pursuant to *Wallace v. Kato*, 549 U.S. 384 (2007), or dismissed without prejudice, pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), as the facts become developed. *Accord Tagliamonte v. Wang*, 340 F. App'x 839, 841 (3d Cir. 2009).

F.3d 75, 81–82 (3d Cir. 2007). "Failure to prove any one of these ... elements denies the plaintiff a cause of action for malicious prosecution." *Wilson v. N.J. State Police*, No. 04–1523, 2006 WL 2358349, at *9 (D.N.J. Aug. 15, 2006).

Here, Plaintiff specifically states in his complaint that his criminal proceeding is still pending. Therefore, because the outcome of Plaintiff's state criminal proceedings is not yet determined, any malicious prosecution claim he asserts against the prosecutor defendants must be dismissed without prejudice at this time.

### 3. Claims Against Defendant Hughes

Though it is not entirely clear, it appears that Plaintiff is alleging that Defendant Hughes violated his constitutional rights under § 1983 by failing to provide him with adequate legal counsel. It is not clear from the face of the complaint whether Plaintiff privately retained Defendant Hughes, or whether Mr. Hughes was appointed by the court to represent Plaintiff. If Defendant Hughes is a privately retained attorney, he is clearly not a state actor for purposes of § 1983. *Murphy v. Bloom*, 443 F. App'x 668, 670 (3d Cir. 2011). If Defendant Hughes is a court-appointed attorney, he did not act under color of state law for purposes of §1983 where he was performing traditional functions of criminal defense counsel. *Polk County v. Dodson*, 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981) (public defender does not act under color of state law under 42 U.S.C. § 1983 when performing traditional functions of counsel to criminal defendant in state proceeding). Moreover, to the extent Plaintiff is claiming ineffective assistance of counsel pursuant to the Sixth Amendment, such claims would properly be brought in a motion filed pursuant to 28 U.S.C. § 2254 after exhaustion in state court, not in a civil complaint pursuant to 42 U.S.C. § 1983. *Murphy*, 443 F. App'x at 670.

7

## III. CONCLUSION

For the reasons stated above, Plaintiff's claims for false arrest and false imprisonment against Defendants Sarkos, Witkowski Smith and Does will be allowed to proceed at this time. All other claims will be dismissed without prejudice. An appropriate order follows.[3]


Dated: June 28, 2013

                                                  s/Robert B. Kugler
                                                  ROBERT B. KUGLER
                                                  United States District Judge

---

[3] In a footnote contained in his amended complaint, Plaintiff requests an attorney. (ECF No. 2.) However, Plaintiff does not address the factors to be weighed when determining whether to appoint pro bono counsel, as set forth in *Tabron v. Grace*, 6 F.3d 147 (3d Cir. 1993). As detailed more specifically in the accompanying order, if Plaintiff seeks the appointment of pro bono counsel, he should submit a complete application.