UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
NAADIR I. MUHAMMAD,                         :
                                            :
              Plaintiff,                    :      Civ. No. 12-7206 (RBK) (JS)
                                            :
      v.                                    :      **OPINION**
                                            :
JAMES A. SARKOS, et al.,                    :
                                            :
              Defendants.                   :
_____ :

**ROBERT B. KUGLER, U.S.D.J.**

## I.      INTRODUCTION

Plaintiff, Naadir I. Muhammad, is proceeding *pro se* with this civil rights action filed pursuant to 42 U.S.C. § 1983. After initial screening, this action proceeded on plaintiff's claims that three defendants, James A. Sarkos, Tim Witkowski and Dave Smith falsely arrested and falsely imprisoned plaintiff when he was arrested by them on January 25, 2012. Defendants Witkowski and Smith have jointly filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (*See* Dkt. No. 36.) Defendant Sarkos has separately filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (*See* Dkt. No. 40.) For the following reasons, Witkowski and Smith's motion to dismiss will be granted in part and Sarkos' motion will be denied.

## II.     LEGAL STANDARD ON MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) & MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO RULE 12(c)

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss an action for failure to state a claim upon which relief may be granted. In evaluating a motion to dismiss, "'courts accept all factual allegations as true, construe the complaint in the light most favorable to the

1

plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). In other words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In making this determination at the motion to dismiss stage, a court must take three steps. *See Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Iqbal*, 129 S. Ct. at 1947). "Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (citing *Iqbal*, 129 S. Ct. at 1950). "Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'" *Id.* (quoting *Iqbal*, 129 S. Ct. at 1950).

Where a defendant's motion is one for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), it is treated under the same standards as a Rule 12(b)(6) motion where it alleges that a plaintiff has failed to state a claim. *See Turbe v. Gov't of V.I.*, 938 F.2d 427, 428 (3d Cir. 1991) (citations omitted); *see also Gebhart v. Steffen*, No. 14-1055, 2014 WL 3765715, at *2 (3d Cir. Aug. 1, 2014).

### III.    BACKGROUND

This case was initially screened pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. At that time, the Court permitted plaintiff's claims of false arrest and false imprisonment to proceed

against defendants Sarkos, Witkowski and Smith.  The Court summarized the facts alleged in the complaint giving rise to the proceeded claims against these three defendants as follows:

> On January 25, 2012, Defendant Sarkos, Witkowski, Smith and John and Jane Does conducted an unlawful search of Plaintiff's room at the Sunset Inn in Atlantic City, New Jersey.  Plaintiff alleges that the officers did not have a warrant, exigent circumstances did not exist, and there was no probable cause.  Though the complaint acknowledges that a warrant issued by Defendant Sarkos five days after the arrest states that there was telephonic probable cause which was authorized by JMC William Cuppuccio, Plaintiff argues that JMC Cappuccio never signed said document.  In addition, Plaintiff alleges that, though he was arrested in his room for an "NCIC hit" for unpaid child support, Defendant Sarkos was not even aware of the "hit" until after the officers had already entered and searched the room.  Therefore, according to Plaintiff, the police initially entered the room without any warrant.

(Dkt. No. 4 at p. 2.)

The Court then laid out what was required to allege a false arrest/false imprisonment claim.  Specifically, "[t]o state a Fourth Amendment claim for false arrest, a plaintiff must allege two elements:  (1) that there was an arrest; and (2) that the arrest was made without probable cause."  (Dkt. No. 4 at p. 5 (citing *Dowling v. City of Philadelphia*, 855 F.2d 136, 141 (3d Cir. 1988)).)  With respect to stating a false arrest claim, the Court noted that "'[W]here the police lack probable cause to make an arrest, the arrestee has a claim under § 1983 for false imprisonment based on detention pursuant to that arrest.'"  (Dkt. No. 4 at p. 6. (quoting *Groman v. Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995)).)  Ultimately, the Court found that plaintiff's allegations stated a claim noting that plaintiff alleged that he was arrested without probable cause and without a warrant.  The Court noted that plaintiff "specifically states that at the time that the police entered his room and conducted their search, they had no basis for his arrest because they were not yet aware of his outstanding child support warrant."  (Dkt. No. 4 at p. 6.)

3

Subsequently, the complaint was served on defendants Sarkos, Witkowski and Smith. Defendant Sarkos answered the complaint. Defendants Wiktkowski and Smith filed a motion to dismiss for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant Sarkos subsequently filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).

## IV.   DISCUSSION

A.  <u>Witkowski and Smith's Motion to Dismiss</u>

Defendants Witkowski and Smith make three arguments in their motion to dismiss for failure to state a claim. First, they argue that plaintiff's claims against them in their official capacities must be dismissed because they are not "persons" amenable to suit under 42 U.S.C. § 1983 and that plaintiff's claims against them in their official capacities are barred by the Eleventh Amendment. Second, they claim that they are entitled to qualified immunity. Third, they assert that plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Each of these arguments is considered in turn.

i.   *Official Capacity Arguments*

Witkowski and Smith argue that plaintiff's claims against them in their official capacity should be dismissed as they are New Jersey state employees not subject to suit under § 1983. "'A state, its agencies, and its actors in their official capacities are not person who may be sued under § 1983.'" *See Ali-X v. Employees of Mail Room Staffs*, No. 12-3147, 2014 WL 1665043, at *3 (D.N.J. Apr. 25, 2014) (quoting *Smith v. New Jersey*, 908 F. Supp. 2d 560, 563 (D.N.J. 2012)). Indeed, as the United States Supreme Court has noted, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Additionally, "[i]ndividual state employees sued in their official

capacity are also entitled to Eleventh Amendment immunity because 'official-capacity suits generally represent only another way of pleading an action' against the state.'" *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 254 (3d Cir. 2010) (quoting *Hafer v. Melo*, 502 U.S. 21, 25 (1991)). Accordingly, plaintiff's claims against defendants Witkowski and Smith in their official capacities will be dismissed.

      ii.      *Qualified Immunity*

Having determined that plaintiff's claims against defendants Witkowski and Smith in their official capacities should be dismissed does not end the case against them. Plaintiff still potentially has claims against them in their individual capacities. Witkowski and Smith next argue that they are entitled to qualified immunity.

"'The doctrine of qualified immunity protects government officials from liability for civil damages as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Ray v. Twp. of Warren*, 626 F.3d 170, 173 (3d Cir. 2010) (quoting *Pearson v. Callahan*, 555 U.S. 223, 129 S. Ct. 808, 815 (2009)). "[I]f a reasonable officer is not on notice that his or her conduct under the circumstances is clearly unlawful, then application of qualified immunity is appropriate." *Id.* "Qualified immunity protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Id.* at 173-74 (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)).

In deciding whether a governmental official is entitled to qualified immunity, a court examines: (1) whether the facts alleged make out a violation of a constitutional right; and (2) if so, whether the right at issue was "clearly established" at the time of the defendant's alleged misconduct. *See Pearson*, 555 U.S. at 815-16. Courts are permitted to address either prong of the analysis first in light of the circumstances at hand. *See id.* at 236. The defendants bear the

5

burden to prove qualified immunity. *See Thomas v. Independence Twp.*, 463 F.3d 285, 292 (3d Cir. 2006) (citation omitted). "[I]t is generally unwise to venture into a qualified immunity analysis at the pleading stage as it is necessary to develop the factual record in the vast majority of cases." *Newland v. Reehorse*, 328 F. App'x 788, 791 n.3 (3d Cir. 2009).

In support of their qualified immunity argument, Witkowski and Smith cite to and rely on the transcript of plaintiff's motion to suppress and motion to dismiss in his criminal case. More specifically, Witkowski and Smith cite to portions of the testimony at this hearing in their attempt to show that they had probable cause to arrest plaintiff. In arguing that it is entirely proper to consider this evidence on a motion to dismiss, Witkowski and Smith request that the Court take judicial notice of this and other documents which they claim form the basis of plaintiff's claims.

As the Third Circuit has noted:

> As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings. However, an exception to the general rule is that a document *integral to or explicitly relied* upon in the complaint may be considered without converting the motion [to dismiss] into one for summary judgment.

*In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997); *see also Garlanger v. Verbeke*, 223 F. Supp. 2d 596 (D.N.J. 2002) ("In examining the legal sufficiency of a litigant's complaint under Rule 12(b)(6), a court may not, as a general matter, give consideration to materials beyond the allegations contained in the pleadings, although matters of public record and exhibits attached thereto, 'explicitly relied upon,' or 'integral to' the complaint may also be taken into account.") (quoting *Pension Benefit Gura. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)). When a court examines the transcript of a prior proceeding to find facts, it takes it out of the realm of what should be considered under a motion

6

to dismiss. *See Lum v. Bank of Am.*, 361 F.3d 217, 222 n.3 (3d Cir. 2004) (citation omitted), *abrogated in part on other grounds by*, *Twombly*, 550 U.S. 544; *see also In re Grasso*, No. 14-1741, 2014 WL 3389119, at *3 (E.D. Pa. July 11, 2014) ("Courts may take judicial notice of public records and prior proceedings to establish the existence of those materials, *but not for the truth of the facts asserted in them.*") (emphasis added) (footnote omitted).

In this case, by invoking and relying on the testimony that took place during plaintiff's criminal proceedings, defendants Witkowski and Smith are seeking to have this Court rely on the facts asserted in those transcripts to show that plaintiff's constitutional rights were not violated by the search and arrest. The Court finds that this is not appropriate in deciding a motion to dismiss for failure to state a claim as it seeks to have this Court take judicial notice of the facts asserted in these transcripts and documents attached to their motion. Accordingly, the Court will not grant Witkowski and Smith's motion to dismiss on their qualified immunity argument.

iii. *Heck*

Defendants Witkowski and Smith also claim that their motion to dismiss should be granted because plaintiff's claims against them are barred by *Heck*. As this Court recently noted, *Heck*:

> proscribes a § 1983 plaintiff's right to recovery for certain causes of action if the plaintiff has been criminally convicted of charges directly related to the § 1983 claim. [*Heck*, 512 U.S.] at 486. *Heck* dealt with a plaintiff's ability to recover damages for an "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid." *Id.* In such a case, a plaintiff must show that the conviction or sentence has been overturned on appeal, or otherwise declared invalid or called into question. *Id.* at 486-87. Thus, if a plaintiff cannot make such a showing in a § 1983 suit, the district court must determine whether "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id.*

*Elliot v. Gloucester City*, No. 12-7440, 2014 WL 3446496, at *3 (D.N.J. July 11, 2014).

In this case, Witkowski and Smith cite to plaintiff's October 22, 2013 plea hearing transcript and subsequent January 7, 2014 criminal judgment.  However, like defendants' qualified immunity arguments, the Court finds that reliance on these documents is more likely appropriate in a motion for summary judgment as opposed to the instant motion to dismiss.  *See, e.g.*, *Hoog-Watson v. Guadalupe Cnty., Tx.*, 591 F.3d 431, 435 (5th Cir. 2009) ("*Heck* decisions fit comfortably within typical summary judgment practice.").   These criminal proceedings, while certainly integral to a *Heck* type defense, are not necessarily integral to the claims in the initial complaint.  Indeed, at the time the complaint was filed and this Court determined that plaintiff had stated a claim, plaintiff's guilty plea and subsequent criminal judgment had not yet even been entered.  Accordingly, the Court finds that the *Heck* argument raised by defendants Witkowski and Smith is more properly raised in a motion for summary judgment as opposed to a motion to dismiss under the specific circumstances of this case.  Accordingly, Witkowski and Smith's *Heck* argument does not warrant dismissal of the complaint based on the standard that applies to the instant motion.

B.  Sarkos' Motion for Judgment on the Pleadings

Defendant Sarkos has separately filed a motion for judgment on the pleadings.  As stated *supra*, the same standard applies for deciding a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) as does deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim.  *See Turbe*, 938 F.2d at 428.  Sarkos argues that he is entitled to a judgment on the pleadings because plaintiff's claims:  (1) are barred due to collateral estoppel; (2) are *Heck* barred; and (3) he is entitled to qualified immunity.

Similar reasons apply to denying Sarkos' motion for judgment on the pleadings as do denying Witkowski and Smith's motion to dismiss in part.  Sarkos' collateral estoppel and qualified immunity arguments rely on the facts purportedly elucidated during plaintiff's criminal proceedings on his motion to suppress.  Thus, it is inappropriate for this Court to consider such documents in deciding a motion for judgment on the pleadings as the documents go beyond what was pled and attached to the complaint.  Additionally, Sarkos' *Heck* argument fails for the same reasons as to why Witkowski and Smith's *Heck* argument fails.

## V.   CONCLUSION

For the foregoing reasons, defendants Witkowski and Smith's motion to dismiss will be granted in part and denied in part and defendant Sarkos' motion for judgment on the pleadings will be denied.  An appropriate order will be entered.


DATED:  September 8, 2014

>s/Robert B. Kugler
>ROBERT B. KUGLER
>United States District Judge